NIGEL F. TELMAN (*Pro Hac Vice*)
ntelman@proskauer.com
PROSKAUER ROSE LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Telephone:   (312) 962-3548
Facsimile:    (312) 962-3551

NICOLE A. EICHBERGER (*Pro Hac Vice Pending*)
neichberger@proskauer.com
ATOYIA S. HARRIS (*Pro Hac Vice*)
aharris@proskauer.com
PROSKAUER ROSE LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130
Telephone:   (504) 310-4088
Facsimile:    (504) 310-2022

PHILIPPE A. LEBEL (SBN 274032)
plebel@proskauer.com
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:  (310) 284-5656
Facsimile:    (310) 557-2193

Attorneys for Defendants,
McDonald's USA, LLC and McDonald's Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSY RODRIGUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AL-MATT INC. D/B/A MCDONALD'S; MCDONALD'S USA LLC; and MCDONALD'S CORPORATION,<br><br>　　　　　Defendants. | Case No.  2:20-CV-10733-MCS (JCx)<br>[Assigned to the Hon. Jacqueline Chooljian]<br><br>[DISCOVERY MATTER]<br><br>**ORDER RE: STIPULATED PROTECTIVE ORDER** |

Plaintiff, ELSY RODRIGUEZ, and Defendants, AL-MATT INC. D/B/A MCDONALD'S; MCDONALD'S USA LLC; and MCDONALD'S CORPORATION (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order:

1.  A. <u>PURPOSES AND LIMITATIONS</u>

As the parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal. Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

B. <u>GOOD CAUSE STATEMENT</u>

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. The parties shall not designate any information/documents as confidential

without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

2.1. <u>Action</u>: the instant action: *Rodriguez v. Al-Matt, Inc. d/b/a McDonald's, et al.*, 2:20-cv-10733-MCS-JC.

2.2. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.1. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that (1) contain or reflect the producing Party's or the producing third party's trade secrets or confidential business, operations, processes, and technical and competitive information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that Party's or that third party's competitive position, (2) contain or reflect personal, financial, medical, or employment information regarding a Party, witness, putative class member, or current or former employee or person that the producing Party or producing third party treats as confidential, or (3) otherwise qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.2. <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.3. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.4. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5. Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.6. In-House Counsel:  attorneys (and their support staffs) who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7. Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8. Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party, and includes support staff.

2.9. Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.10. Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.11. Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12. Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.13. Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose

///

unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

///

identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, all deposition testimony taken in this case shall be treated as CONFIDENTIAL until no later than the thirtieth (30th) day after the transcript is delivered to counsel for the Party, witness, or third-party who was deposed. Within this time period, a Party (or a third-party who was deposed) may serve a Notice of Designation to all Parties as to specific portions of the testimony that are designated as "CONFIDENTIAL," and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend CONFIDENTIAL, as instructed by the Party or nonparty offering, sponsoring or giving the testimony. Failure of counsel to designate testimony or exhibits as Protected Material at the deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits. If counsel for the deponent or Party fails to designate the transcript or exhibits as "CONFIDENTIAL" within the above-described thirty (30) day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3. <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Discovery Materials that are initially produced without a "CONFIDENTIAL" designation may later be so

7
ORDER RE: STIPULATED PROTECTIVE ORDER

designated by supplemental written notice, and the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including reasonable efforts to retrieve all copies, of such documents disclosed to persons and to prevent further use or disclosure of CONFIDENTIAL information contained therein by such persons.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

6.3. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action solely for the purpose of prosecuting, defending, or attempting to settle this Action and for no other purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

///

///

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record's law firm to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary to supervise, manage, or participate in this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) Stenographers and videographers and their staff to whom disclosure is reasonably necessary for this Action and who must receive a copy of this Protective Order;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: the

deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3. PROCEDURES FOR APPROVING DISCLOSURES OF CONFIDENTIAL INFORMATION OR ITEMS TO EXPERTS.

Documents designated as "CONFIDENTIAL" may be shown to any Expert, together with his or her secretarial, technical and clerical staff who are actively assisting in the preparation of this litigation. Before disclosure to any such Expert, the Person to whom such information is to be disclosed shall execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The attorney of record making the disclosure shall maintain the record of such executed Agreement until sixty (60) days following the final disposition of this matter. The foregoing notwithstanding, any such Expert who is an employee of or has been retained by a competitor of any of the Parties (other than one of the Parties) in any other matter shall not be shown or otherwise given access to documents or information designated. "CONFIDENTIAL"

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL that Party must:

///

///

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the

11
ORDER RE: STIPULATED PROTECTIVE ORDER

Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   (2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   (3) make the information requested available for inspection by the Non-Party, if requested.

  (c) If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, *et seq*. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

  10.1. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

11.1. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Civil Procedure and Federal Rule of Evidence 502, the Parties stipulate to the following treatment of inadvertently disclosed privileged or work product materials in this Action. Inadvertent disclosure of information protected by any privilege shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege as to one document or communication shall not be deemed a waiver of the privilege as to any other document or communication, even involving the same subject matter. If the receiving Party recognizes material as inadvertently produced privileged material, their counsel shall notify the producing Party or third party's counsel and, upon request, will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document provided. However, the Party returning such document shall have the right to apply to the Court for an order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine. The Parties stipulate that diligent steps have been taken to protect privileged/protected documents from disclosure, and that any production of privileged or work product material is deemed inadvertent and does not amount to a waiver.

12. **MISCELLANEOUS**

    12.1. <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2. <u>Right to Assert Other Objections.</u> No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3. <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

    12.4. <u>No Effect on Party's Own Use.</u> Nothing contained in this Order shall affect the right of a Designating Party to disclose to its officers, directors, employees, partners, or consultants or to use as it desires any Protected Information it designated and produced as "CONFIDENTIAL."

    12.5. <u>No Effect on Rendering Legal Advice.</u> Nothing in this Order shall bar or otherwise prevent any attorney herein from rendering advice to his or her client with respect to this litigation, and in the course thereof, from relying upon his or her examination or knowledge of Protected Information; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such attorney shall not disclose the contents of any Protected Information produced by another Party herein to any Person who is not authorized to receive such information under the provisions of this Order.

12.6. <u>No Applicability to Independently Obtained or Public Information.</u> No Party shall be bound by this Order as to any Protected Information which: (a) is lawfully obtained independent of this litigation; (b) at the time it is disclosed, is generally known to the public; or (c) after it is disclosed, is generally known to the public, provided that such information was not obtained or made public in violation of this or any other obligation of confidentiality.

13. <u>FINAL DISPOSITION</u>

13.1. After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 29, 2021  ALTSHULER BERZON LLP

By  /s/ Bronwen B. O'Herin
Eve Cervantez
Bronwen B. O'Herin
Attorneys for Plaintiff,
Elsy Rodriguez

Dated: September 29, 2021  PROSKAUER ROSE LLP

By  /s/ Atoyia S. Harris
Nigel F. Telman
Nicole A. Eichberger
Atoyia S. Harris
Philippe A. Lebel
Attorneys for Defendants,
McDonald's USA, LLC and
McDonald's Corporation

Dated: September 29, 2021  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By  /s/ Judy H. Juang
Lyne A. Richardson
Judy H. Juang
Attorneys for Defendant,
Al-Matt, Inc. d/b/a McDonald's

<u>SIGNATURE OF ATTESTATION</u>

I hereby attest that the other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 29, 2021

PROSKAUER ROSE LLP

By   */s/ Atoyia S. Harris*
Nigel F. Telman
Nicole A. Eichberger
Atoyia S. Harris
Philippe A. Lebel
Attorneys for Defendants,
McDonald's USA, LLC and
McDonald's Corporation

PURSUANT TO THE PARTIES' STIPULATIONS, IT IS SO ORDERED.

DATED:   October 12, 2021

_____/s/_____
Honorable Jacqueline Chooljian
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on October 12, 2021 in the case of *Rodriguez v. Al-Matt, Inc. d/b/a McDonald's, et al.*, 2:20-cv-10733. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____