UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-10733-MCS-JC | Date | October 25, 2021 |
|---|---|---|---|
| Title | Elsy Rodriguez v. Al-Matt Inc, d/b/a McDonald's, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Narissa Naval-Estrada | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| none | none |

**Proceedings:**        (IN CHAMBERS)

**ORDER (1) SUBMITTING AND VACATING HEARING ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS; AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DOCUMENTS (DOCKET NO. 42)**

Pending before the Court is Plaintiff's Motion to Compel Production of Documents ("Motion to Compel") which has been noticed for hearing before this Court on November 2, 2021 at 9:30 a.m. The Motion to Compel seeks an order compelling Defendant Al-Matt Inc. ("Defendant") to produce documents responsive to narrowed versions of Request for Production ("RFP") Nos. 2-3 and 23-24 (collectively, "Document Requests in Issue").

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds the Motion to Compel appropriate for decision without oral argument. The hearing calendared for November 2, 2021 is hereby vacated and the matter taken off calendar.

Based upon the Court's consideration of the parties' submissions in connection with the Motion to Compel and the pertinent facts and law, the Court grants in part and denies in part the Motion to Compel.[1] As reflected below, the Court has further narrowed the Document Requests in Issue to address what the Court views to be overbreadth concerns, effectively sustaining in part and overruling in part Defendant's overbreadth objections. To the extent the Court has ordered items to be produced, it has determined that (1) the information sought is not protected by the attorney-client privilege/attorney work

---

[1]Although the parties dispute the adequacy of the meet and confer efforts relative to RFP Nos. 23-24, they have provided the Court with no evidence (*e.g.*, the correspondence they reference, declarations, etc.) to enable the Court properly to resolve the matter. The Court has elected to address the merits relative to RFP Nos. 23-24 and concludes that doing so secures the just, speedy and inexpensive determination of the matter. See Fed. R. Civ. P. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10733-MCS-JC | Date | October 25, 2021 |
|---|---|---|---|
| Title | Elsy Rodriguez v. Al-Matt Inc, d/b/a McDonald's, et al. | | |

product; (2) the information sought is relevant to Plaintiff's claims and proportional to the needs of the case considering the factors articulated in Fed. R. Civ. P. 26(b)(1); and (3) the privacy/third party privacy rights asserted are outweighed by Plaintiff's need for the information sought and the information in issue can be adequately protected by the Protective Order in this action (Docket No. 40).[2] Defendant shall produce the items ordered produced herein within two weeks of the date of this Order.

As to RFP No. 2 – which apparently has been narrowed to call for Defendant to produce Jose Rodriguez's personnel file – the Court orders Defendant to produce the following portions of such personnel file from which personal identifying information (*e.g.*, social security number, address, etc.), medical information and ADA reasonable accommodation information may be redacted:  For the time period of 2015 through 2018, all documents reflecting (a) any review or adoption or acceptance by Jose Rodriguez of Defendants' policies and procedures relating to/encompassing sexual discrimination, sexual harassment, or hostile work environments/avoiding the same (or if none, a supplemental response so stating); (b) Jose Rodriguez's training relating to sexual discrimination, sexual harassment, hostile work environments/avoiding the same (or if none, a supplemental response so stating); (c) any complaints regarding or investigations/discipline of Jose Rodriguez relating to/encompassing sexual discrimination, sexual harassment, or hostile work environments (or if none, a supplemental response so stating); and (d) any critiques/evaluations of Jose Rodriguez referencing/encompassing sexual discrimination, sexual harassment, or hostile work environments (*e.g.*, in performance evaluations/reviews) (or if none, a supplemental response so stating).

As to RFP No. 3 – which apparently has been narrowed to call for Defendant to produce the personnel file of Jose Rodriguez's mother/General Manager Esmeralda Rodriguez, who assertedly retaliated against Plaintiff for making complaints – the Court orders Defendant to produce the following portions of such personnel file from which personal identifying information (*e.g.*, social security number, address, etc.), medical information and ADA reasonable accommodation information may be redacted:  For the time period of 2015 through 2018 (a) documents reflecting any review or adoption or acceptance by Esmeralda Rodriguez of Defendants' policies and procedures relating to the handling of employee complaints regarding/encompassing sexual discrimination, sexual harassment, hostile work environment and avoiding retaliation related to the same (or if none, a supplemental response so stating); (b) documents reflecting Esmeralda Rodriguez's training relating to the handling of employee complaints regarding/encompassing sexual discrimination, sexual harassment, hostile work

---

[2]Questions of privilege that arise in the course of the adjudication of federal rights are governed by the principles of federal common law.  United States v. Zolin, 491 U.S. 554, 562 (1989) (citing Federal Rules of Evidence 501).  Where, as in this case, federal question claims and pendent state law claims are present, federal law on privilege applies.  Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir.), cert. denied, 546 U.S. 958 (2005).  Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests.  A. Farber & Partners, Inc. v. Garber ("Farber"), 234 F.R.D. 186, 191 (C.D. Cal. 2006).  Courts balance the need for the information sought against the privacy right asserted.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10733-MCS-JC | Date | October 25, 2021 |
|---|---|---|---|
| Title | Elsy Rodriguez v. Al-Matt Inc, d/b/a McDonald's, et al. | | |

environments and avoiding retaliation related to the same (or if none, a supplemental response so stating); (c) documents reflecting any complaints regarding or investigations/discipline of Esmeralda Rodriguez relating to retaliation against employees who have made complaints against her son Jose Rodriguez or complaints relating to/encompassing sexual discrimination, sexual harassment, or hostile work environments (or if none, a supplemental response so stating); and (d) any critiques/evaluations of Esmeralda Rodriguez referencing/encompassing allegations of retaliation against employees who have made complaints against her son Jose Rodriguez or complaints relating to/encompassing sexual discrimination, sexual harassment, or hostile work environments (*e.g.*, in performance evaluations/ reviews) (or if none, a supplemental response so stating).

As to RFP Nos. 23 and 24 – which apparently have been narrowed to call for the personnel files of Claudia Casillas and Perla Guiaro, two shift managers to whom Plaintiff assertedly complained and who assertedly did nothing – the Court orders Defendant to produce the following portions of such personnel files from which personal identifying information (*e.g.*, social security number, address, etc.), medical information and ADA reasonable accommodation information may be redacted:  For the time period of 2015 through 2018, documents reflecting (a) any review or adoption or acceptance by Casillas or Guiaro of Defendants' policies and procedures relating to/encompassing the handling of employee complaints regarding/encompassing sexual discrimination, sexual harassment, or hostile work environments (or if none, a supplemental response so stating); (b) Casillas's and Guiaro's training relating to/encompassing the handling of employee complaints regarding/encompassing sexual discrimination, sexual harassment, or hostile work environments (or if none, a supplemental response so stating); (c) any complaints regarding or investigations/discipline of Casillas or Guiaro relating to the handling of employee complaints relating to/encompassing sexual discrimination, sexual harassment, or hostile work environments (or if none, a supplemental response so stating); and (d) any critiques/ evaluations of Casillas or Guiaro referencing/encompassing allegations relating to the handling of employee complaints relating to/encompassing sexual discrimination, sexual harassment, or hostile work environments (*e.g.*, in performance evaluations/reviews) (or if none, a supplemental response so stating).

IT IS SO ORDERED.